**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 23-48-DLB-CJS**

**EDDIE WELCH**                                                                                   **PLAINTIFF**


**v.**                             **MEMORANDUM OPINION AND ORDER**


**LIBERTY MUTUAL PERSONAL INS. CO.**                              **DEFENDANT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") has filed a Motion for Summary Judgment.  (Doc. # 22).  Plaintiff Eddie Welch has filed a Response (Doc. # 25), to which Liberty Mutual has filed its Reply (Doc. # 26).  The Motion is now ripe for review.  For the reasons stated below, Liberty Mutual's Motion for Summary Judgment is **granted**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This action revolves around a homeowner's insurance policy between Welch and Liberty Mutual valid from November 30, 2020 to November 30, 2021.  (Doc. # 22-3 at 1). The policy included wind and hailstorm coverage subject to a deductible of $1,297.00. (*Id.* at 3).

In November 2021, Welch spoke with a friend that lived close to him who was getting his roof repaired from storm damage that occurred in June 2021.  (Doc. # 22-1 at 13-14).  Welch sought an estimate to replace his roof from the same contractor that was working with his friend—William Wolfe at Edge Roofing.  (*Id.*).  He received a quote to replace his roof for $32,482.53.  (Doc. # 22-5).

On December 22, 2021, Welch filed a claim with Liberty Mutual alleging that his roof and siding had sustained wind and hailstorm damage from the storm in June.  (Doc. # 22-1 at 15).  Liberty Mutual retained Donan Engineering to examine the premises and prepare a report, which concluded that Welch's home, garage, and sheds were not damaged by hailstorm, the damages that did exist were related to age, and only eight shingle tabs on Welch's shed were damaged by wind in the past year.  (Doc. # 22-6).  Based on the report, Liberty Mutual prepared an estimate to repair the shingles for $1,186.91, an amount less than the $1,297.00 deductible.  (Doc. # 22-7).  Liberty Mutual sent Welch a letter dated January 14, 2022 that explained that because the surveyed damage was less than the deductible, no payment would be made.  (Doc. # 22-8).  Liberty Mutual asserts that it never denied Welch's claim, but because the damage was less than the deductible, Welch never received a payment from Liberty Mutual.  (Doc. # 22 at 4).

On March 23, 2023, Welch filed suit in Boone Circuit Court against Liberty Mutual alleging claims of negligence, breach of contract, common law bad faith, statutory bad faith in violation of Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), and statutory bad faith in violation of Kentucky Consumer Protection Act ("KCPA").  (Doc. 1-1).  On April 14, 2023, Liberty Mutual removed the case to this Court (Doc. # 1) and filed a Motion for Judgment on the Pleadings (Doc. # 6).

On October 18, 2023, the Court entered a Memorandum Opinion and Order dismissing the majority of Welch's claims against Liberty Mutual.  (Doc. # 13).  The Court only permitted Welch's negligence claim to proceed, declining to apply the insurance policy's suit limitation provision to the claim.  (*Id.* at 13-14).  The Court also permitted

Welch to file an Amended Complaint (Doc. # 14) and required Liberty Mutual to file an answer (Doc. # 16).

Following the entry of this Order, the parties proceeded to discovery.  (Doc. # 21).  On April 11, 2024, Liberty Mutual filed the instant Motion for Summary Judgment. (Doc. # 22).  Plaintiff filed a Response (Doc. # 25) and Liberty Mutual filed a Reply (Doc. # 26).  The matter now being ripe for review, the Court will consider the arguments herein.

## II.   ANALYSIS

### A.   Standard of Review

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment "bears the burden of showing the absence of any genuine issues of material fact."  *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Plant v. Morton Int'l Inc.*, 212 F.3d 929, 934 (6th Cir. 2000)).

To defeat a motion for summary judgment, the non-moving party "must make an affirmative showing with proper evidence in order to defeat the motion."  *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  In deciding a motion for summary judgment, the Court must look at the evidence "in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).  Following the Court's review of the record, if a "rational factfinder could not find for the nonmoving party, summary judgment is

appropriate." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998). "Summary judgment is inappropriate where there is a genuine conflict 'in the evidence, with affirmative support on both sides, and where the question is which witness to believe.'" *Duvall v. United States*, No. 3:19-cv-2-GFVT-EBA, 2021 WL 2651805, at *2 (E.D. Ky. June 28, 2021) (quoting *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013)).

## B.   Discussion

To succeed on a negligence claim in Kentucky, Welch must establish that (1) Liberty Mutual owed a duty of care to him; (2) Liberty Mutual breached its duty; and (3) the breach proximately caused his damages. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). "The absence of any one of the three elements is fatal to the claim." *M & T Chems., Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. App. 1974).

In the Amended Complaint, Welch alleges that Liberty Mutual breached its duty to provide adequate insurance coverage for wind and hailstorms. (Doc. # 14 at ¶ 16). However, Liberty Mutual argues that there is no dispute of material fact that Liberty Mutual provided such coverage to Welch. (Doc. # 22 at 1). Instead, Liberty Mutual argues that Welch merely disagrees about the scope of the damage to his roof and siding, which more properly falls under damage calculations for his previously dismissed claims. (*Id.*). Liberty Mutual argues that because there is no dispute that Liberty Mutual provided Welch this coverage, his negligence claim fails as a matter of law. (*Id.*).

Welch responds that Liberty Mutual "breached its duty of ordinary care by grossly understating the size and scope of the storm-related damage" as evidenced by the affidavit of his contractor, Wolfe. (Doc. # 25 at 6). Welch cites to caselaw from the

Eastern District of Louisiana and the Eastern District of Tennessee in support of its arguments that misrepresenting the scope of damages is a proper negligence claim, and the scope of damages is a dispute of material fact appropriately left for a jury.  (*Id.* at 5-8).  Welch also cites to a Fifth Circuit case for the proposition that "negligent claim investigation" is an actionable claim, and he has submitted "sufficient evidence to establish a plausible claim for negligence based upon negligent claim investigation" by Liberty Mutual.  (*Id.* at 8) (citing *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 630 (5th Cir. 2008)).

Turning to the text of the Amended Complaint, Welch did not allege that Liberty Mutual was negligent in its claim investigation, and his attempt to raise new claims in his response to the Motion for Summary Judgment is not permitted.  *See Tucker v. Union of Needtrades, Indust. & Textile Employs.*, 407 F.3d 784, 788 (6th Cir. 2005) (citing *Gilmour v. Gates, McDonald, & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).   In the Amended Complaint, Welch alleges that Liberty Mutual was negligent for the following:

> [Liberty Mutual] breached their respective duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions: (a) negligently failing to provide an insurance policy, which would actually cover wind and hail storm damage, as a covered loss under the applicable policy; (b) negligently and/or recklessly made assurances to the Plaintiff, Eddie Welch, that adequate insurance had been procured to cover, inter alia., the wind/hail storm damages; and/or (c) other acts and omissions which resulted in the failure to provide adequate insurance coverage for the subject property.

(*Id.* at ¶ 16).  The claim focuses entirely on Liberty Mutual's failure to provide adequate insurance coverage of wind and hail damage, not Liberty Mutual's conduct in assessing

his claim.[1]  Liberty Mutual points to both Welch's application for the insurance policy and his actual policy agreement, indicating that Welch asked for and received wind and hailstorm coverage.  (Doc. # 22 at 7) (citing Docs. # 22-2 and 22-3).  Liberty Mutual also notes specific citations of Welch's deposition where Welch acknowledged he had wind and hailstorm coverage and simply disagreed as to the assessment of the damage.  (*Id.*) (citing Doc. # 22-1 at 9, 52, 58-59).  Though Welch disputes the damages to his roof and siding, there is no dispute of material fact that he had wind and hailstorm coverage under his policy with Liberty Mutual.

Welch argues that in *Hill v. Auto-Owners (Mutual) Ins. Co.*, a disagreement about the scope of tornado damage was a dispute of material fact that precluded summary judgment, and the Court should find the same here.  (Doc. # 25 at 7) (quoting *Hill v. Auto-Owners (Mutual) Ins. Co.*, No. 4:19-cv-78, 2021 WL 9036597, at *2 (E.D. Tenn. Dec. 13, 2021)).  Even if the Court were persuaded by this unpublished case from Tennessee federal court, the circumstances of that case are substantially different than those presented here.  In *Hill*, the plaintiffs did not bring any negligence claims, only claims for breach of contract, statutory bad faith, and punitive damages.  2021 WL 9036597 at *7.  Negligence in the insurer's claim investigation was not considered, and the court only permitted the plaintiffs to proceed on the scope of the damages because plaintiffs' claims for bad faith and punitive damages were still active.  This is not the case for Welch—there is not a procedural vehicle for the Court to consider Liberty Mutual's conduct in evaluating

---

[1]    It should be noted that the Court has already rejected Plaintiff's bad faith claims under common law, the Kentucky Unfair Claims Settlement Practices Act, and the Kentucky Consumer Protection Act.  (Doc. # 13 at 15-16).  These claims were dismissed because the Amended Complaint did not allege any specific conduct by Liberty Mutual that could be evidence of bad faith.  (*Id.* at 16-17).

the storm damage, because the relevant claims were dismissed in the Court's October 18, 2023 Order.  (Doc. # 13).

Furthermore, even if Welch was permitted to add new claims at this procedural posture, he does not provide any case law where a negligent claim investigation is an appropriate cause of action in Kentucky or the Sixth Circuit.  In the Fifth Circuit case that Welch relies on, the plaintiffs only brought claims of breach of contract and bad faith. *Broussard*, 523 F.3d at 623.  The Fifth Circuit noted that under Mississippi law, a plaintiff could qualify for punitive damages if an insurer conducted a negligent claim investigation. *Id.* at 630.  In other words, a negligent claim investigation is not considered a separate cause of action even in the case law provided by Welch.  Welch does not point to, nor has the Court's own research been able to uncover, any separate cause of action for a negligent claim investigation in Kentucky.  Therefore, the Court declines to consider it as a separate cause of action here.

## III.    CONCLUSION

For these reasons, Liberty Mutual has demonstrated that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law on Welch's single remaining negligence claim.  Fed. R. Civ. P. 56(a).

Accordingly, **IT IS ORDERED** that:

(1)    Defendant's Motion for Summary Judgment (Doc. # 22) is **GRANTED**.

(2)    This matter is **DISMISSED AND STRICKEN** from the Court's active docket; and

(3)    **JUDGMENT** in favor of the Defendant shall be filed contemporaneously herewith.

This 28th day of June, 2024.



Signed By:

***David L. Bunning***

United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2023\23-48 MOO MSJ.docx